IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-189C, 07-190C, |
| v. | ) | 07-197C, 07-200C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Rules 42 and 42.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court consolidate these cases with Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C , Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-085C, which were previously consolidated by the Court's Order of March 14, 2007. Counsel for defendant has consulted with counsel for plaintiff, and counsel for plaintiff has represented that plaintiff does not oppose this motion to consolidate. See also Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-189C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-190C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-197C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-200C ¶ 1.

## I. Statement of Facts

On May 13, 1998, the Department of the Interior, National Park Service, awarded Grunley-Walsh Contract No. 1443CX305998901. Pursuant to Modification No. 7 to Contract

No. 1443CX305998901, which was effective November 15, 2001, the General Provisions of the contract were deleted and were replaced with revised contract clauses, including provisions of the Federal Acquisition Regulation ("FAR"). In addition, Modification No. 7 revised the scope of Contract No. 1443CX305998901 to allow for design-build services for structures ensuring and maintaining the physical security of the Washington Monument.

On April 11, 2002, the contracting officer for Contract No. 1443CX305998901 issued Task Order T3059989128 ("Task Order 28"), pursuant to which Grunley-Walsh was to provide all labor, equipment, and supplies necessary to develop preliminary design documents for the design of an underground visitor screening facility and a vehicle barrier system for the Washington Monument. On December 5, 2003, the contracting officer issued Task Order T305998135 ("Task Order 35"), pursuant to which Grunley-Walsh was to construct and install an above-ground vehicle security barrier system and perform related work for the Washington Monument.

On October 19, 2006, Grunley-Walsh filed a complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C, seeking an equitable adjustment for work that occurred during Grunley-Walsh's performance of Task Order 35. On October 20, 2006, Grunley-Walsh filed a second complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, seeking another equitable adjustment for work that occurred during Grunley-Walsh's performance of Task Order 35. Grunley-Walsh filed two additional complaints in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C, on December 1, 2006, a fifth complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, on December 11, 2006, and a sixth complaint in Grunley-Walsh, LLC v. United

States, Fed. Cl. No. 07-85C, on February 2, 2007, all seeking equitable adjustments for work that occurred during Grunley-Walsh's performance of Task Order 35.

On March 8, 2007, defendant filed Defendant's Unopposed Motion to Consolidate and Defendant's Motion to Stay Proceedings in each of the above-referenced cases. On March 14, 2007, the Court issued an Order granting the motion to consolidate. On March 22, 2007, the Court issued an Order denying the motion to stay proceedings.

On March 21, 2007, Grunley-Walsh filed its seventh and eighth complaints in Grunley-Walsh , LLC v. United States, Fed. Cl. No. 07-189C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-190C, seeking equitable adjustments for work that occurred during Grunley-Walsh's performance of Task Order 35. Grunley-Walsh filed its ninth complaint in Grunley-Walsh , LLC v. United States, Fed. Cl. No. 07-197C, on March 23, 2007, and its tenth complaint in Grunley-Walsh , LLC v. United States, Fed. Cl. No. 07-200C, on March 26, 2007, seeking equitable adjustments for work that occurred during Grunley-Walsh's performance of Task Order 35.

## II. Standard for Consolidation

RCFC 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a). The Court has broad discretion to determine whether consolidation is appropriate. Wolfchild v. United States, 72 Fed. Cl. 511, 526 (2006); Cienega Gardens v. United States, 62 Fed. Cl. 28, 32 (2004)(citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2nd Cir. 1990).

Where common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged. Cienega Gardens, 62 Fed. Cl. at 32. Identical claims are not required for consolidation. Wolfchild, 72 Fed. Cl. at 527. In determining whether consolidation is appropriate, the court must weigh the risks of prejudice and possible confusion against "the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 65-66 (2005) (quoting Cienega Gardens, 62 Fed. Cl. at 31). The Court should take the positions of the parties into account in its analysis but need not accord the parties' views dispositive weight. Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 802 (2004).

## III. Argument

Plaintiff and defendant agree that these cases should be consolidated with Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-085C. These cases should be consolidated with the previously-consolidated cases, because all of the cases involve the same parties, the same contract, ("Contract 1443CX305998901"), and the same task order issued pursuant to the contract ("Task Order 35"). A fair resolution of the issues raised in these cases will be difficult, if not impossible, if the case is litigated and adjudicated separately from

Grunley-Walsh's other claims before the Court, as all of the claims relate to requests for equitable adjustments pursuant to the same task order and the same contract.

In addition, plaintiff's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-189C advances legal claims similar to those in all of Grunley-Walsh's other complaints. In all of its complaints, Grunley-Walsh claims that it was required to perform work beyond the requirements of the contract, and was not fully compensated for the additional work. The Government currently intends to advance the same legal defenses to many of Grunley-Walsh's claims in these cases as it does to Grunley Walsh's claims in the cases that have previously been consolidated. The cases involve common issues of law and fact in that they require the Court to determine the responsibility for costs during construction resulting from omissions and errors in the project design in Grunley-Walsh's design-build contract. In addition, a considerable number of the cases require the Court to determine whether Grunley-Walsh has been fully compensated for the work at issue by modifications to Task Order 35 and by other Task Orders to the contract.

Because all of Grunley-Walsh's claims involve the same contract and the same task order, the Government is concerned that because a number of Grunley-Walsh's claims overlap, litigating the claims in this complaint separately could potentially result in duplicative judgments. Furthermore, it will be more economical and efficient to conduct discovery, pre-trial proceedings, and trial in these cases together with Grunley-Walsh's other cases before the Court. This is particularly true in view of the fact that many of the relevant documents and the vast majority of witnesses are likely to be the same in all of these cases.

## CONCLUSION

For the reasons discussed above, defendant respectfully requests that the Court consolidate these case with Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C , Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C, Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-085C, which were previously consolidated pursuant to the Court's Order of March 14, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

May 25, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2007, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle