IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-197C |
| v. | ) | (Judge Lettow) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. The second sentence of paragraph 4

contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by Task Order No. 35, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the March 22, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 10. Avers that it is

not clear which "background drawings" plaintiff is referencing. Admits the allegation contained in the second sentence of paragraph 10 that a June 10, 2002 subsurface investigation report was prepared by Grunley-Walsh pursuant to Task Order 22; denies the remaining allegations contained in the second sentence of paragraph 10. Admits the allegation contained in the third sentence of paragraph 10 that the contract contained a "standard Government Differing Site Conditions clause" to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the third sentence of paragraph 10 that the contract contained "standard Government Differing Site Conditions clause." Denies the allegations contained in the third sentence of paragraph 10 as to what Grunley-Walsh "believed" for lack of knowledge or information sufficient to form a belief as to their truth. Denies that any belief that Grunley-Walsh may have had that it would be provided with equitable adjustments for the work at issue in the Complaint was reasonable

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the contract modifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the contract modifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. The allegation contained in paragraph 13 is plaintiff's characterization of its complaint; it is not an allegation of fact, and therefore no answer is required. To the extent it is deemed an allegation of fact, it is denied.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 14. Avers that it is not clear which "background drawings" plaintiff is referencing. Admits the allegations contained in the second and third sentences of paragraph 25 to the extent supported by the Historic Structures Report prepared by Grunley-Walsh pursuant to Task Order 25; otherwise, denies the remaining allegations contained in the second and third sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Denies that the illustration below paragraph 14 is an excerpt from any drawing issued or created by the National Park Service.

15. Admits the allegation contained in the first sentence of paragraph 15 that the condition of the tunnel was unknown to the National Park Service; denies the remaining allegations contained in the first sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second and third sentences of paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the November 2003 design drawings prepared by Grunley-Walsh through its subcontractor, the Olin Partnership, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 16. Avers that it is not clear which "new design" for the project plaintiff is referencing. Denies the allegations contained in the third sentence of paragraph 16. Denies the allegations contained in the footnote to the third sentence of paragraph

16 for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear to which "back ground drawings" plaintiff is referring. Denies that the illustration below paragraph 16 is an excerpt from any drawing issued or created by the National Park Service, or accurately depicts conditions or work performed on the project.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the allegation contained in the second sentence of paragraph 17 that the conflict with the tunnel was brought to the attention of Sean Kennealy and Steve Sims in the summer of 2004; denies the allegation contained in the second sentence of paragraph 17 that the conflict was brought to the attention of Mike Giller in the summer of 2004. Admits the allegations contained in the third sentence of paragraph 17 to the extent supported by the July 7, 2004 sketch cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 17. Admits the allegation contained in the fourth sentence of paragraph 17 that a concrete bridge had to be constructed over the tunnel before the footings for the new security wall could be placed; denies the allegation contained in the fourth sentence of paragraph 17 that the illustration cited accurately depicts the concrete bridge; denies the remaining allegations contained in the fourth sentence of paragraph 17. Denies that the illustration below paragraph 17 is an excerpt from any drawing issued or created by the National Park Service.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 18. Avers that it is not clear which "background drawings" plaintiff is referencing. Denies that the illustration below paragraph 18 is an excerpt from any drawing issued or created by the National Park Service.

19. Admits the allegation contained in the first sentence of paragraph 19 that the depth of the abandoned tunnel was sufficient so that it did not conflict with the new plaza slab; denies the allegation contained in the first sentence of paragraph 19 that "new light pole foundations" were installed. Admits the allegations contained in the second sentence of paragraph 19. Admits the allegations contained in the third sentence of paragraph 19 to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 19. Avers that it is not clear which "background drawings" plaintiff is referencing. Denies the allegations contained in the fourth sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fifth sentence of paragraph 19.

20. The allegations contained in the first sentence of paragraph 20 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph 20 that the vault was structurally unsound for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the second sentence of paragraph 20 that the vault roof required a new reinforced concrete slab. Denies the allegation contained in the third sentence of paragraph 20 that the conditions described in the first two sentences of paragraph 20 were immediately brought to the attention of Mike Giller, Sean Kennealy, and Steve Sims. Denies the allegation in the fourth sentence of paragraph 20 that the work constituted "change work;" admits the remaining allegations contained in the fourth sentence of paragraph 20 to the extent supported by the January 9, 2005

document cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the fourth sentence of paragraph 20.

21. Denies the allegation contained in paragraph 21 that the conditions constituted "unforeseen differing conditions." Denies the allegations contained in paragraph 21 regarding the "adjacent tunnel vault containing steam pipe" for lack of knowledge or information sufficient to form a belief as to their truth, because it is unclear what plaintiff is referring to. Admits the remaining allegations contained in paragraph 21.

22. Denies the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 22 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegation contained in the first sentence of paragraph 23 that "a considerable" amount of stone and concrete had to be removed; admits the remaining allegations contained in the first sentence of paragraph 23. The allegations contained in the second sentence of paragraph 23 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 23.

24. Denies the allegation contained in paragraph 24 that the condition constituted a "differing condition." Admits the allegation contained in paragraph 24 that the DC WASA vaults were not depicted on the "background drawings" to the extent supported by the "background drawings" cited, which are the best evidence of their contents; otherwise, denies the

allegation contained in paragraph 24 that the DC WASA vaults were not depicted on the "background drawings." Avers that it is not clear which "background drawings" plaintiff is referencing. Admits the remaining allegations contained in paragraph 24. Denies that the illustration below paragraph 24 is an excerpt from any drawing issued or created by the National Park Service.

25. Denies the allegations contained in the first sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that Grunley-Walsh brought the conflict with the DC WASA vaults to the attention of the National Park Service a few weeks prior to the planned July 4, 2005 re-opening celebration. Admits the allegations contained in the second, third and fourth sentences of paragraph 25.

26. Admits the allegations contained in the first sentence of paragraph 26. Denies the allegation contained in the second sentence of paragraph 26 that the work constituted change work or stemmed from an "unforeseen differing condition"; admits the remaining allegations contained in the second sentence of paragraph 26. The allegations contained in the third sentence of paragraph 26 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegation contained in paragraph 28 that Grunley-Walsh requested a contracting officer's final decision on January 19, 2007, to the extent supported by the letter at Exhibit C to Grunley-Walsh's complaint, which is the best evidence of its contents; otherwise,

denies the allegation contained in paragraph 28 that Grunley-Walsh requested a contracting officer's final decision on January 19, 2007. The remaining allegations contained in paragraph 28 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied

29. The allegations contained in paragraph 29 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Defendant's responses to paragraphs 1 through 29 of the complaint are incorporated by reference.

31. The allegations contained in paragraph 31 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20 [second]. The allegations contained in paragraph 20 [second] constitute conclusions

of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 20 [second], or to any relief whatsoever.

36. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

37. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

38. Plaintiff's claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

May 31, 2007

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle